KENT COUNTY DEPARTMENT OF SOCIAL SERVICES v NELSON

Docket No. 51687. Submitted March 5, 1981, at Grand Rapids.—
Decided June 4, 1981.

Angela Nelson, the minor child of Dorthia Nelson, had a child out of wedlock. After receiving an emergency need grant, ADC and food stamp benefits from the Kent County Department of Social Services and with its support and encouragement, Angela moved into a residence of her own. Thereafter, the Kent County DSS and Angela brought an action in the Kent Circuit Court against Dorthia Nelson for support. On the strength of an affidavit of Angela and without taking any testimony the court, Woodrow A. Yared, J., ordered support. Defendant appeals.

A parent does not owe a duty of support of a minor child who has left home without good cause. The trial court should have made a record showing that there was good cause for Angela to leave home before ordering support.

Remanded.

PARENT AND CHILD — CHILD SUPPORT — TRIAL.

A parent does not owe a duty of support of a minor child who has left home without good cause; a trial court abused its discretion in finding good cause on the sole evidence of the child's affidavit and without taking any testimony.

*David H. Sawyer,* Prosecuting Attorney, and *Dale A. Calomeni,* Assistant Prosecuting Attorney, for plaintiffs.

Legal Aid of Western Michigan (by *Nancy Arends Piggush),* for defendant.

Before: R. B. BURNS, P.J., and T. M. BURNS and CYNAR, JJ.

REFERENCE FOR POINTS IN HEADNOTE
[1] 59 Am Jur 2d, Parent and Child § 67.

R. B. BURNS, P.J. The Kent County Department of Social Services (DSS) instituted suit in circuit court seeking weekly payments from defendant for the support of her daughter, Angela Nelson. No testimony was taken, but, on the basis of an affidavit of Angela Nelson filed on the date of hearing, the trial court ordered defendant to pay support in the amount of $15 per week.

A brief history of this case reveals that in 1969 Dorthia and Tommy Joe Nelson were divorced. Dorthia was granted custody of Angela and the six other minor children of the marriage. Tommy Joe was ordered to pay $5 per week for the support of Angela, but the payments were not made.

When Angela was 15 or 16 years old she had a child out of wedlock. On July 16, 1979, she received an emergency needs grant, and she has thereafter received aid to dependent children benefits and food stamps from DSS. On July 19, 1979, Angela, with her infant child, moved out of the home of her mother, Dorthia Nelson. With the support and encouragement of DSS, Angela moved into a residence of her own, and DSS thereafter filed an action in circuit court to compel defendant to contribute to Angela's living arrangement.

As previously stated, the trial court, on the strength of Angela's affidavit and without taking testimony, found that Angela had left the home of her mother because of deplorable conditions that existed there. The court declined to declare that Angela was emancipated and instead found that she was still a dependent of her mother.

In many ways this case is similar to *In the Matter of Parker v Stage,* 43 NY2d 128; 371 NE2d 513; 400 NYS2d 794 (1977), wherein the daughter left the home of her father to live with her paramour. She gave birth to a child out of wedlock

and applied for aid to dependent children and obtained public assistance for her child and for herself. Thereafter the Commissioner of Social Services of Orange County, New York, commenced an action against the father for contribution to the support of his daughter. The trial court held that the daughter, by leaving home to live with her paramour and have his child, had "emancipated herself" from her father and therefore the father was no longer obligated to support her.

On appeal, the highest court of New York stated:

"In sum we cannot agree with the commissioner that whenever an older child chooses to leave home, for any reason, the parents must pay for the child's separate maintenance, or contribute support, if the child applies for public assistance. The courts must still consider the impact on the family relationship and the possibility of injustice in the particular case. Of course the fact that the child is eligible for public assistance may * * * permit her to avoid her father's authority and demands however reasonable they may be. But it does not follow that the parent must then finish what has been begun by underwriting the lifestyle which his daughter chose against his reasonable wishes and repeated counsel.

"It should be emphasized that this is not a case of an abandoned child, but of an abandoned parent. There is nothing to indicate that the respondent abused his daughter or placed unreasonable demands upon her. There is no showing that he actively drove her from her home or encouraged her to leave in order to have the public assume his obligation of support. Indeed the contrary appears to be true. The undisputed proof in this record establishes that the father continuously supported his daughter from birth * * *." 43 NY2d 128, 134.

In the present case the record regarding the reasons for Angela's leaving her mother's home is

incomplete. This case should not have been decided by affidavit or summary proceeding.

The cause is remanded to the trial court for the purpose of making a record to show whether or not there was good cause for Angela to leave home.

As stated in *Parker, supra,* "it does not follow that the parent must then finish what has been begun by underwriting the lifestyle which his daughter chose against his reasonable wishes".